09 CIV 5904

**Outten & Golden LLP**
Jack A. Raisner (JR 6171)
Adam T. Klein (AK 3293)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Law Offices of Gregory R. Fidlon**
Gregory R. Fidlon (GF 5499)
2475 Northwinds Parkway, Suite 200
Alpharetta, Georgia 30009
Telephone: (770) 807-0083

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 2 6 2009
U.S.D.C. S.D. N.Y.
CASHIERS

JASON SILVERSTEIN, individually and on behalf of others similarly situated,

Plaintiff,

v.

ALLIANCEBERNSTEIN L.P.,

Defendant.

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Jason Silverstein, individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff, a former employee of AllianceBernstein L.P., formerly known as Alliance Capital Management L.P. ("AllianceBernstein" or "Defendant"), brings this action on behalf of himself and other similarly situated current and former employees who worked overtime for Defendant, but were unlawfully denied overtime premium pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, New York Labor Law Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 (collectively, "NYLL").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216(b).  The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 because this action arises under an Act of Congress regulating commerce.  In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's NYLL claims, because those claims derive from a common nucleus of operative facts.

3.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the complained of activity occurred at Defendant's offices, located within the Southern District of New York.

5.      AllianceBernstein is subject to personal jurisdiction in the State of New York for the purposes of this lawsuit.

## THE PARTIES

6.      Plaintiff Jason Silverstein was employed by AllianceBernstein from approximately February 6, 2006 through April 21, 2009, when he was involuntarily terminated.

7.      At all relevant times, Plaintiff worked at Defendant's offices in White Plains, New York.

8.      At all relevant times, Plaintiff was engaged in commerce while working for Defendant, and was covered by the FLSA.

9.      Defendant AllianceBernstein is a Delaware limited partnership with its headquarters located at 1345 Avenue of the Americas, New York, New York 10105.

10.    Defendant also maintains other offices in the United States and abroad, including its offices at 1 North Lexington Ave, White Plains, New York 10601, where Plaintiff worked.

11.    Defendant is a global investment management firm offering research and investment services to institutional clients, individuals and private clients in the United States and around the world.

12.    Defendant had gross revenues in excess of $500,000 for all relevant periods herein.

13.    At all relevant times, Defendant affected commerce within the meaning of the FLSA.

**FACTS**

14.    At all relevant times, Plaintiff was employed by Defendant as an Associate Portfolio Manager ("APM").

15.    The APM position is an entry-level position.

16.    On its Careers Website, AllianceBernstein indicates that the desired candidate for an APM position is a "College graduate with up to two years' industry-related experience."

17.    Plaintiff's starting salary as an APM was $45,000 per year.  He was also eligible to participate in an incentive compensation program.

18.    During Plaintiff's employment, he received several salary increases.  At the time he separated from Defendant, his salary was approximately $67,000 per year.

19.    The primary function of an APM's job is to enter trade orders, as recommended by AllianceBernstein's proprietary software application, known as the "Optimizer."  These duties are clerical in nature and do not involve the exercise of any discretion or independent judgment.

20.     When performing their job duties, APMs are required to adhere to strictly defined parameters, including agreed upon asset allocation, individual position sizes and recommended system trades. APMs do not determine any of these parameters and cannot deviate from them.

21.     AllianceBernstein does not permit APMs to have any direct interaction with clients.

22.     APMs do not evaluate clients' individual financial circumstances and investment needs, give investment advice, or recommend investment options for clients.

23.     APMs do not manage or supervise anyone, nor do they have authority to make operational decisions beyond the parameters of their clerical tasks.

24.     Upon information and belief, at some point prior to the date Plaintiff commenced employment with AllianceBernstein, AllianceBernstein paid its APMs hourly and classified them as non-exempt for FLSA and NYLL overtime pay purposes.

25.     During the entire period of his employment, Plaintiff regularly worked more than 40 hours per week for Defendant.

26.     Upon information and belief, other APMs and employees in comparable positions with different titles also regularly worked more than 40 hours per week for Defendant.

27.     At all times throughout his employment, Defendant classified Plaintiff, other APMs, and comparable positions with different titles, as exempt from the overtime pay requirements of the FLSA and NYLL, and failed to pay them overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a work week.

28.     Defendant willfully, knowingly and intentionally classified Plaintiff, other APMs, and employees in comparable positions with different titles, as exempt, despite its awareness

that these employees' job duties did not satisfy any of the exemptions to the overtime pay requirements of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings his FLSA claim on behalf of all persons who worked for Defendant as APMs, or in comparable positions with different titles, at any time from three years prior to the filing of this Complaint to the entry of judgment in this case (the "FLSA Collective Period").

30.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated persons, and as such, notice should be sent to all individuals who are currently, or were, within the FLSA Collective Period, employed by Defendant as APMs, or in comparable positions with different titles.

31.     There are numerous similarly situated current and former employees of AllianceBernstein who have been denied overtime premium pay in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

32.     Under NYLL, Plaintiff sues on behalf of himself and a class of persons under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure who were employed by Defendant in the State of New York as APMs, or in comparable positions with different titles, and who were unlawfully denied overtime premium pay, at any time from six years prior to the filing of this Complaint to entry of judgment in this case (the "NYLL Class Period").

33.     The persons in the class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

34.     There are questions of law and fact common to the class.

35.     The claims of the representative party are typical of the claims of the class.

36.     The representative party will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

37.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

39.     There are questions of law and fact common to this class that predominate over any questions solely affecting individual members of the class, including but not limited to:

(a)     whether the Defendant employed and/or jointly employed Plaintiff and class members within the meaning of NYLL;

(b)     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

(c)      whether Defendant failed and/or refused to pay Plaintiff and the class members overtime premium pay for hours worked in excess of forty per work week within the meaning of NYLL; and

(d)      whether Plaintiff and the class members' job duties were sufficient to satisfy any of the exemptions from the overtime compensation requirements of NYLL.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

40.      Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

41.      Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42.      Because Defendant's violations of the FLSA by misclassifying Plaintiff as an exempt employee were willful, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

43.      AllianceBernstein has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiff and similarly situated current and former employees as exempt and failing and refusing to pay them overtime compensation in accordance with § 207 of the FLSA.

44.      As a result of Defendant's violations of the FLSA, Plaintiff and similarly situated current and former employees have suffered damages by being denied overtime premium pay in accordance with § 207 of the FLSA.

45.      Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and similarly situated current and former employees.

46.     As a result of unlawful acts of Defendant, Plaintiff and similarly situated current and former APMs, and those in comparable positions with different titles, have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (New York State Labor Law)

47.     Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

48.     NYLL requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for hours worked in excess of forty in a work week.

49.     Defendant has had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and to the proposed class members for their hours worked.

50.     As a result of Defendant's failure to pay overtime, and its decision to withhold overtime premium pay earned and due to Plaintiff and the proposed class, Defendant has violated and continues to violate NYLL.

51.     Plaintiff, on behalf of himself and the proposed class, seeks damages for Defendant's failure to pay overtime wages at one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, as required by the NYLL. Plaintiff does not seek liquidated damages under NYLL on behalf of the proposed Rule 23 class at this juncture, but reserves the right to seek liquidated damages under NYLL if the United States Supreme Court rules that liquidated damages are available in a class action context as a result of a decision in the pending *Shady Grove Orthopedic Associates v. Allstate Insurance Company* action.

52.     Plaintiff, on behalf of himself and the proposed Rule 23 class, also seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the NYLL, plus prejudgment interest, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendant as an APM or a comparable position with a different title.  The notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to opt in to this lawsuit;

B.  Certification of this action as a class action;

C.  Designation of Plaintiff as class representative;

D.  Unpaid overtime compensation and liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations;

E.  Overtime wages pursuant to N.Y. Lab. Law Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

F.  An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

G.  Attorneys' fees and costs of the action; and

H.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Dated:  June 26, 2009

Respectfully submitted,

By: _____

Jack A. Raisner (JR 6171)
Adam T. Klein (AK 3293)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
Facsimile:  212-977-4005
Email:  ATK@outtengolden.com

Gregory R. Fidlon (GF 5499)
**Law Offices of Gregory R. Fidlon**
2475 Northwinds Parkway, Suite 200
Alpharetta, Georgia 30009
Telephone:  770-807-0083
Facsimile:  770-807-0460
Email: gfidlon@gmail.com

*Attorneys for Plaintiff*
*and the proposed class*

10