# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
Julia Griffin Murphy
Samuel R. Miller

Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Sonia R. Lin
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Lauren Schwartzreich
Juno Turner



*Advocates for Workplace Fairness*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/10

August 17, 2010

**MEMO ENDORSED**

**Via Hand Delivery**
The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

Re: *Silverstein v. AllianceBernstein L.P.*, 09-CIV-5904 (VM)

Dear Judge Marrero:

Pursuant to Your Honor's Individual Rules, the parties in the above-captioned matter write jointly to request the Court's assistance in resolving a dispute regarding production of the names and contact information of the putative class members.

Plaintiffs' Document Request numbers 1 and 2 call for the production of documents and/or electronic data containing, among other things, the names, addresses, and telephone numbers of all members of the putative FLSA class, i.e., all persons who worked for Defendant as Associate Portfolio Managers ("APMs") at any time from three years prior to the filing of the Complaint to the entry of judgment in this case.[1] To date, Defendant has refused to produce this information. The parties exchanged written correspondence in an attempt to resolve this dispute, without success.

---

[1] The class definition in the Complaint is as follows: "all persons who worked for Defendant as APMs, *or in comparable positions with different titles*, at any time from three years prior to the filing of this Complaint to the entry of judgment in this case" (emphasis added). For purposes of the present request only, Plaintiffs limit the class for which they seek contact information to APMs who work in three portfolio management groups ("PMGs"): Institutional Equity PMG, Fixed Income PMG, and Private Client PMG. APMs in all PMGs share similar job duties and job descriptions. Collectively, the named Plaintiffs worked in Private Client PMG and Institutional Equity PMG. Plaintiffs reserve the right to request contact information for individuals in positions comparable to the APM position later in this litigation.

The Honorable Victor Marrero
August 17, 2010
Page 2 of 5

**Plaintiffs' Position**

The scope of discovery under Federal Rule of Civil Procedure 26 is broad and unequivocally incorporates the class information Plaintiffs have requested. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the . . . identity of persons who know of any discoverable matter."); *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (the "broad rule" of F.R.C.P. 26 is "liberally construed"). The names and addresses of potential witnesses are well within the scope of permissible discovery because these individuals "know of . . . discoverable matter" as contemplated by Rule 26(b)(1). In the instant matter, the members of the putative class are witnesses to the employment policies at issue in this lawsuit and possess information pertaining to the duties performed and the hours worked by Plaintiffs. The names and contact information of these individuals are therefore discoverable. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (ordering pre-certification disclosure of class contact information in FLSA action); *Fei v. WestLB AG*, No. 07 Civ. 8785 (HB) (FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) (same, noting that "courts routinely allow plaintiffs to discover identifying information regarding potential class members"); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification of an FLSA collective but ordering disclosure of class member contact information); *see also Allen v. Accredited Home Lenders*, 251 F.R.D. 304, 306-07 (D. Tenn. 2007) (ordering defendant in FLSA action to provide names of co-workers prior to filing of motion for conditional certification, finding them relevant to the claims asserted); *Barton v. Pantry, Inc.*, No. 1:04 CV 748, 2006 U.S. Dist. LEXIS 62989, at *5 (D.N.C. Aug. 31, 2006) (ordering production of names and addresses of putative class members prior to filing of motion for FLSA conditional certification and commenting "[t]he Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims").

In addition to possessing discoverable information relating to Plaintiffs' claims in general, these individuals have information relating to Plaintiffs' motion for conditional certification, in which Plaintiffs must demonstrate the existence of other similarly situated employees. Discovery of class contact information prior to conditional or class certification "enable[s] Plaintiff to define the class and identify similarly situated employees." *Whitehorn*, 2010 WL 2362981, at *2. Such discovery will "either enable Plaintiff to make a fuller showing at the conditional certification stage, or reveal that the collective action is not suitable for certification." *Id.*; *see also Fei*, 2008 WL 7863592, at *2 ("allowing [plaintiffs] to discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified"); *Morales*, 2006 WL 278154, at *2 (granting motion to compel class list in order to allow plaintiffs a second chance to obtain evidence sufficient to certify a collective). In opposing Plaintiffs' motion, Defendants will likely argue that the job duties of Assistant Portfolio Manager ("APMs") varied according to the particular individual. Plaintiffs are entitled to speak with actual APMs to determine whether this is true.

The Honorable Victor Marrero
August 17, 2010
Page 3 of 5

Moreover, Defendant will undoubtedly use class contact information to obtain declarations from its current employees to oppose conditional certification. It would be inequitable for Defendant to resist production of class contact information and make use of the same information in defense of certification. *See, e.g., In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 RM, 2007 WL 2128164, at *4-5 (N.D. Ind. Jul. 23, 2007) (excluding declarations the defendant submitted for the first time with its opposition to plaintiffs' motion for class certification); *del Campo v. Am. Corrective Counseling Serv., Inc.*, No. C 01-21151 JW, 2010 WL 2473586, at *16 n.10 (N.D. Cal. Jun. 3, 2010) (allowing defendant to use previously undisclosed witnesses declarations "only for purposes of impeachment").

Clear Second Circuit precedent permits, indeed requires, Plaintiffs to obtain discovery to support a motion for class certification pursuant to Federal Rule of Civil Procedure 23. *See In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). Many courts have similarly ordered pre-certification discovery in the Fair Labor Standards Act context. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170-71 (1989) (upholding district court order directing Defendants to produce names and addresses of similarly situated employees to facilitate notice prior to conditional certification); *Fei*, 2008 U.S. Dist. LEXIS 33310, at *5-6 (ordering production of a class list prior to conditional certification because "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members"); *Stillman v. Staples, Inc.*, No. 07-849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) (defendant ordered to provide the "names, address, position and title of employees with the same or similar job duties as the plaintiff" prior to certification); *Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 42047, *8 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees even though no motion for conditional certification was pending); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 671-73 (D. Kan. 2003) (ordering production of list of co-workers prior to filing of motion for conditional certification); *Bailey v. Ameriquest Mortgage Co.*, Civ. No. 01-545, 2002 U.S. Dist. LEXIS 1363, at *6-7 (D. Minn. Jan. 23, 2002) (allowing discovery of names and addresses of current and former account executives prior to "similarly situated" finding); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 689 (M.D. Fla. 1994) (discovery of names and addresses for purpose of, among other things, facilitating court-authorized notice is "generally proper" and may be made prior to resolution of motion for conditional notification) (citing *Hoffmann-La Roche*, 493 U.S. at 170).

This information is discoverable by Plaintiffs because it is both related to Plaintiffs' claims and because it is relevant to the determination of whether there exist similarly situated employees sufficient to warrant conditional certification of a collective action under 29 U.S.C. § 216(b). Because Defendant refuses to respond to these proper discovery requests, Plaintiffs respectfully request that Your Honor order it to produce the requested information.

### Defendant's Position

In Request Nos. 1 and 2, Plaintiff seeks electronic data and documents "identifying *all Class Members* by job title, position, position code, department, business unit, employer, AllianceBernstein employee identification number, *Social Security number (last four digits)*, hire and termination dates, all job assignments, all job classification(s), dates of any transfers, job

The Honorable Victor Marrero
August 17, 2010
Page 4 of 5

location and *current, or most recent known, home address and telephone number.*" (emphasis added.) Plaintiff's proposed class definition includes "all persons who worked for Defendant as APMs, or in comparable positions with different titles, at any time from three years prior to the filing of this Complaint to the entry of judgment in this case". *See* Complaint ¶ 36.

AllianceBernstein opposes the disclosure of this information at this pre-certification stage because the discovery (1) is premature; (2) places an undue burden on AllianceBernstein; (3) unfairly requires AllianceBernstein to decide which employees a court may determine are similarly situated to the two named plaintiffs; and (4) is an unnecessary invasion of employees' privacy in the service of an effort to fish for potential new plaintiffs prior to conditional or class certification.

While we recognize that some courts have approved of the disclosure of such information in advance of certification, those cases are not binding here and, we believe, are not correctly reasoned. Many other courts have held that conditional certification of the proposed class is a necessary precondition to discovery regarding "similarly situated" employees. *See Searson v. Concord Mortg. Corp.*, 2008 U.S. Dist. LEXIS 28667 (E.D.N.Y. Apr. 8, 2008) (denying plaintiffs' motion to compel the disclosure of putative class members' names and addresses as premature because the class had not been conditionally certified); *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y June 12, 2006) (denying motion to compel putative class members' names and addresses where plaintiff did not make a factual showing that a class of similarly situated plaintiffs exists); *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F. Supp. 2d 1211, 1220-21 (M.D. Fla. 2003) (denying plaintiff's motion to compel the name and addresses of putative collective action members "because the plaintiff has not satisfied the prerequisites for court facilitation of notice and the record lacks an evidentiary basis to designate this matter as a collective action or to compel from the defendant the confidential information of proposed potential plaintiffs"); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (because no collective action had been conditionally certified, discovery of names and addresses was held premature).

In this case, the current definition of the putative class includes all individuals, anywhere within AllianceBernstein, who hold or held the "APM" title and those who worked "in comparable positions with different titles." This definition, vague and overly broad on its face, potentially encompasses not only APMs who worked in the same group and office as the named Plaintiffs, but also and APMs who worked in other groups and offices for different managers, as well as any number of other employees throughout the company with so-called "comparable" positions. Plaintiffs have made no effort to articulate or delimit what that definition might mean or what other positions they deem "comparable." Without further discovery, and a conditional certification order defining the class, AllianceBernstein, if ordered to disclose such information, would be unfairly required to decide which employees a court may determine are similarly situated to the named Plaintiffs.

Thus, disclosure of the requested information (including names, addresses, telephone numbers and partial Social Security number) would be grossly premature. This is especially true given the absence of any demonstration by Plaintiffs that any other putative class member is similarly situated to either of the two named Plaintiffs. To date, the only discovery conducted by

The Honorable Victor Marrero
August 17, 2010
Page 5 of 5

Plaintiffs relates to one group of APMs within the "Private Client PMG" business unit. Both named plaintiffs worked in that group, all of which is and was housed in one location (White Plains), and already have access to such individuals in order to obtain any information they need for the motion for conditional certification.[2]

Disclosure of this information would also constitute an unnecessary invasion of privacy, especially where Plaintiffs seek telephone numbers and partial Social Security numbers in addition to names and addresses. *See Torres v. CSK Auto, Inc.*, 2003 U.S. Dist. LEXIS 25092, at *9-10 (W.D. Tex. Dec. 17, 2003) (denying plaintiff's request for a computer-readable data file containing the names, addresses, social security numbers and telephone numbers of putative class members because of privacy concerns).

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request to order Defendant to produce information relating to putative class members prior to any conditional certification order.

Respectfully submitted,

Adam T. Klein

enclosure

cc:  Robert S. Whitman, Esq. (by e-mail)
     Lorie E. Almon, Esq. (by e-mail)
     Molly A. Brooks, Esq.
     Gregory S. Fidlon, Esq.

*Plaintiffs' request for the discovery described herein is granted, for the reasons set forth in Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148 (LBS), 2010 U.S. Dist. LEXIS 58460 (S.D.N.Y. June 14, 2010)*

SO ORDERED:  DATE: 9/22/10

_____
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] In footnote 1 above, Plaintiffs state for the first time their willingness to limit their request to APMs within three AllianceBernstein business units. Even as so modified, however, Plaintiffs' request is inappropriate. Although they state that "APMs in all PMGs share similar job duties and job descriptions," they have no evidence to that effect, and the deposition testimony to date has been to the contrary. Their position only highlights the premature nature of their request, as there has been no factual record developed that would support a finding of substantial similarity among APMs within any business unit, let alone across various units.