IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| **JASON SILVERSTEIN and JENNIFER STAMATELOS**, individually and on behalf of others similarly situated, | : **ECF CASE**<br>:<br>: Civil Action No. 1:09-cv-5904<br>: |
| Plaintiffs, | : **FIRST AMENDED ANSWER**<br>: **AND AFFIRMATIVE AND**<br>: **OTHER DEFENSES TO** |
| v. | : **FIRST AMENDED CLASS**<br>: **ACTION AND COLLECTIVE**<br>: **ACTION COMPLAINT** |
| **ALLIANCEBERNSTEIN L.P.**, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant AllianceBernstein, L.P. ("AllianceBernstein") hereby answers the numbered paragraphs, and asserts affirmative and other defenses, as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied.  AllianceBernstein denies that it acted unlawfully toward Plaintiffs or any member of the putative class.

## JURISDICTION AND VENUE

2.      AllianceBernstein admits that this Court has original jurisdiction over Plaintiffs' federal claim, and that it may elect in its discretion to exercise supplemental jurisdiction over Plaintiffs' state law claim.

3.      AllianceBernstein denies the allegations set forth in Paragraph 3, and respectfully refers the Court to 28 U.S.C. §§ 2201 and 2202 for complete and accurate statements of their contents.

4.      AllianceBernstein admits the allegations set forth in Paragraph 4.

5.      AllianceBernstein admits the allegations set forth in Paragraph 5.

## THE PARTIES

6.      AllianceBernstein admits the allegations set forth in Paragraph 6.

7.      AllianceBernstein admits the allegations set forth in Paragraph 7.

8.      AllianceBernstein admits the allegations set forth in Paragraph 8.

9.      AllianceBernstein admits the allegations set forth in Paragraph 9.

10.     AllianceBernstein admits the allegations set forth in Paragraph 10.

11.     AllianceBernstein admits the allegations set forth in Paragraph 11.

12.     AllianceBernstein admits the allegations set forth in Paragraph 12.

13.     AllianceBernstein admits the allegations set forth in Paragraph 13.

14.     AllianceBernstein admits the allegations set forth in Paragraph 14.

15.     AllianceBernstein admits the allegations set forth in Paragraph 15.

16.     AllianceBernstein admits the allegations set forth in Paragraph 16.

## FACTS

17.     AllianceBernstein admits the allegations set forth in Paragraph 17.

18.     AllianceBernstein lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18 due to the use of the phrase "entry-level."

19.     AllianceBernstein denies the allegations set forth in Paragraph 19.

20.     AllianceBernstein admits the allegations set forth in Paragraph 20.

21.     AllianceBernstein admits the allegations set forth in Paragraph 21.

22.     AllianceBernstein admits the allegations set forth in Paragraph 22.

23.     AllianceBernstein admits the allegations set forth in Paragraph 23.

24.     AllianceBernstein admits the allegations set forth in Paragraph 24.

25.     AllianceBernstein admits the allegations set forth in Paragraph 25, except avers that Plaintiff Stamatelos' final salary was $68,000.

26.     AllianceBernstein denies the allegations set forth in Paragraph 26.

27.     AllianceBernstein denies the allegations set forth in Paragraph 27.

28.     AllianceBernstein denies the allegations set forth in Paragraph 28.

29.     AllianceBernstein denies the allegations set forth in Paragraph 29.

30.     AllianceBernstein denies the allegations set forth in Paragraph 30.

31.     AllianceBernstein denies the allegations set forth in Paragraph 31.

32.     AllianceBernstein lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 32 due to the use of the term "regularly."

33.     AllianceBernstein lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 33.

34.     AllianceBernstein admits that it classified Plaintiffs and other APMs as exempt from overtime requirements, and lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 34 with regard to "comparable positions."

35.     AllianceBernstein denies the allegations set forth in Paragraph 35.

## COLLECTIVE ACTION ALLEGATIONS

36.     Paragraph 36 contains a summary of the collective action allegations of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied.

37.     AllianceBernstein denies the allegations set forth in Paragraph 37.

38.     AllianceBernstein denies the allegations set forth in Paragraph 38.

## CLASS ALLEGATIONS

39.     Paragraph 39 contains a summary of the class action allegations of the Complaint, as to which no response is required, but to the extent a response is deemed required, it is denied.

40.     AllianceBernstein denies the allegations set forth in Paragraph 40.

41.    AllianceBernstein denies the allegations set forth in Paragraph 41.

42.    AllianceBernstein denies the allegations set forth in Paragraph 42.

43.    AllianceBernstein denies the allegations set forth in the first sentence of Paragraph 43 and lacks knowledge or information sufficient to admit or deny the allegations set forth in the second sentence.

44.    AllianceBernstein denies the allegations set forth in Paragraph 44.

45.    AllianceBernstein denies the allegations set forth in Paragraph 45.

46.    AllianceBernstein denies the allegations set forth in Paragraph 46.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act)**

47.    AllianceBernstein repeats and reasserts its responses to the allegations in Paragraphs 1 through 46 above as if fully set forth herein.

48.    AllianceBernstein admits the allegations set forth in Paragraph 48.

49.    AllianceBernstein denies the allegations set forth in Paragraph 49.

50.    AllianceBernstein denies the allegations set forth in Paragraph 50.

51.    AllianceBernstein denies the allegations set forth in Paragraph 51.

52.    AllianceBernstein denies the allegations set forth in Paragraph 52.

53.    AllianceBernstein denies the allegations set forth in Paragraph 53.

**SECOND CLAIM FOR RELIEF**
**(New York State Labor Law)**

54.    AllianceBernstein repeats and reasserts its responses to the allegations in Paragraphs 1 through 53 above as if fully set forth herein.

55.    AllianceBernstein denies the allegations set forth in Paragraph 55.

56.    AllianceBernstein denies the allegations set forth in Paragraph 56.

57.    AllianceBernstein denies the allegations set forth in Paragraph 57.

58.     AllianceBernstein denies the allegations set forth in Paragraph 58.

59.     AllianceBernstein denies that Plaintiffs or any other members of the putative class are entitled, individually or collectively, to the recovery sought in Paragraph 59.

## PRAYER FOR RELIEF

AllianceBernstein denies that Plaintiffs are entitled to any of the relief sought in the WHEREFORE clause, or otherwise.

## DEMAND FOR TRIAL BY JURY

AllianceBernstein denies that Plaintiffs are entitled to a trial by jury to the extent that the laws under which Plaintiffs seeks to pursue their claims do not permit such trial by jury.

Unless and to the extent expressly admitted herein, AllianceBernstein denies any and all allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

AllianceBernstein asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

## FIRST DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent, or to whom they are purportedly similarly situated.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

## THIRD DEFENSE

Plaintiffs are barred from recovery because and to the extent that they were "employed in a bona fide executive capacity" as set forth in 29 C.F.R. §§ 541.100 *et seq.* and/or "employed in a bona fide administrative capacity" as set forth in 29 C.F.R. §§ 200 *et seq.*, and therefore are

exempt from the overtime pay provisions of the FLSA and/or the New York Labor Law and their respective implementing regulations.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, claim preclusion, issue preclusion and waiver.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

### SIXTH DEFENSE

AllianceBernstein has at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with the FLSA and the New York Labor Law.

### SEVENTH DEFENSE

Plaintiffs are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the Constitution of the State of New York and/or the United States Constitution.

### EIGHTH DEFENSE

To the extent that AllianceBernstein is held liable for any unpaid overtime, such amounts should be calculated on a half-time basis pursuant to 29 C.F.R. § 778.114.

### NINTH DEFENSE

AllianceBernstein at all times, in all manners, acted in accordance with any and all duties and obligations under New York law and its regulations and the FLSA and its regulations.

### TENTH DEFENSE

Plaintiffs do not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a class action.

## ELEVENTH DEFENSE

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

Plaintiffs do not satisfy the requirements of 29 U.S.C. § 216(b), and thus, this action cannot be maintained as a collective action.

## THIRTEENTH DEFENSE

Plaintiffs and/or the putative class members lack standing or are otherwise not entitled to bring, maintain or participate in a collective action under 29 U.S.C. § 216(b).

## FOURTEENTH DEFENSE

Plaintiffs and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

## FIFTEENTH DEFENSE

AllianceBernstein states, in the alternative if necessary, that if, in fact, it has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

## SIXTEENTH DEFENSE

The regulations and/or administrative interpretations, which form the basis of some or all of Plaintiffs' claims (brought on their own behalf and the putative members of each purported class defined in the Complaint) are invalid, arbitrary and capricious.

## SEVENTEENTH DEFENSE

If Plaintiffs have sustained any damages or if any putative members of any purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or

herein and is specifically denied, AllianceBernstein is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to AllianceBernstein against any judgment that may be entered against AllianceBernstein.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and the claims of each putative class member are barred to the extent that there is/are currently other action(s) pending on the same claims.

## NINETEENTH DEFENSE

AllianceBernstein states, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under New York law or the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

## TWENTIETH DEFENSE

AllianceBernstein states, in the alternative if necessary, that its actions with respect to Plaintiffs and any purportedly similarly situated worker and/or putative class members, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling approval, interpretation, and/or administrative practice or policy pursuant to New York law and/or the FLSA.

## TWENTY-FIRST DEFENSE

AllianceBernstein states, in the alternative if necessary, that its actions with respect to Plaintiffs and any other purported similarly situated worker, and/or putative class members, were taken in good faith with reasonable grounds to believe such conduct comported with New York law and the FLSA

### TWENTY-SECOND DEFENSE

Plaintiffs and/or the putative class members have received full payment for all work performed thereby barring Plaintiffs' and/or the purported class members' claims.

### TWENTY-THIRD DEFENSE

This Court lacks jurisdiction over some or all of Plaintiffs' or the putative class members' claims.

### TWENTY-FOURTH DEFENSE

Some or all of Plaintiffs' and the putative class members' claims are preempted, in whole or in part.

### TWENTY-FIFTH DEFENSE

Plaintiffs' Rule 23 allegations should be stricken and they cannot pursue their state law claims as a class action because they are so vague and imprecise that no ascertainable class is present.

### TWENTY-SIXTH DEFENSE

Plaintiffs' 29 U.S.C. § 216(b) allegations should be stricken and they cannot pursue their federal law claims as a collective action because they are so vague and imprecise that no ascertainable class is present.

### TWENTY-SEVENTH DEFENSE

Some or all of Plaintiffs' claims and those of the putative class members are subject to mandatory, final and binding arbitration and thus may not be litigated in this Court.

### TWENTY-EIGHTH DEFENSE

Some or all of Plaintiffs' claims for relief under New York law fail because New York law does not provide for mandatory overtime.

### TWENTY-NINTH DEFENSE

Some or all of Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties against a defendant.

### THIRTIETH DEFENSE

Some or all of the requests for relief asserted in the Complaint are barred by the Constitution of the United States, the Constitution of the State of New York and/or the statutes or regulations under which Plaintiffs' claims purportedly are asserted.

### THIRTY-FIRST DEFENSE

AllianceBernstein asserts the specific defenses available under the FLSA, its interpreting and enforcing regulations, opinion letters, and guidelines and codes written by or on behalf of the Administrator of the Wage and Hour Division.

### THIRTY-SECOND DEFENSE

AllianceBernstein asserts all affirmative and other defenses available to it under each of the state laws and precedents cited in the Complaint.

### THIRTY-THIRD DEFENSE

Certification of a class or sub-class would be inappropriate due to conflicts of interest between Plaintiffs and the purported class or sub-class members.

**WHEREFORE,** AllianceBernstein prays that the Court enter a judgment:

1.      dismissing the Complaint with prejudice;

2.      granting to AllianceBernstein its costs, including attorneys' fees, incurred in this action; and

3.      granting to AllianceBernstein such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
          January 20, 2011

                              SEYFARTH SHAW LLP


                              By:    s/ Lorie Almon
                                   Lorie E. Almon
                                   lalmon@seyfarth.com
                                   Robert S. Whitman
                                   rwhitman@seyfarth.com
                                   Mary E. Ahrens
                                   mahrens@seyfarth.com

                              620 Eighth Avenue, 32nd floor
                              New York, New York 10018
                              Phone:  (212) 218-5500
                              Fax:  (212) 218-5526

                              Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on January 20, 2011, I caused to be electronically filed the foregoing First Amended Answer and Affirmative and Other Defenses to First Amended Class Action and Collective Action Complaint, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.


          s/ Mary E. Ahrens
          Mary E. Ahrens

13016267v.2