USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JASON SILVERSTEIN, et al.,            :
                                      :    09 Civ. 5904 (VM)
            Plaintiffs,               :
                                      :    **ORDER**
   - against -                        :
                                      :
ALLIANCEBERNSTEIN L.P.,               :
                                      :
            Defendant.                :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated July 20, 2011, plaintiffs Jason Silverstein and Jennifer Stamelos ("Plaintiffs") moved for conditional class certification and permission to send Court-approved notice of this Fair Labor Standards Act ("FLSA") action to similarly-situated individuals, pursuant to 29 U.S.C. § 216(b). Defendant AllianceBernstein L.P. ("AB") opposed Plaintiff's motion by letter also dated July 20, 2011.

Upon review of the parties' submissions,[1] the Court finds that Plaintiffs have demonstrated sufficiently for the purposes of conditional certification and the issuance of notice that the potential class members identified in Plaintiffs' motion are "similarly situated." Torres v.

---

[1] On August 10, 2011, AB submitted a second letter containing additional legal argument. Plaintiffs responded by letter on August 17, 2011, and AB replied the following day.

1

Gristede's Operating Corp., No. 04 Civ. 3316, 2006 WL 2819730, *7 (S.D.N.Y. Sept. 29, 2006). In determining FLSA certification, courts in this Circuit consider several grounds, including, (1) the existence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural concerns. See id. at *9. This examination must be "fairly lenient" at the notice and conditional certification stage, even if, post-discovery, slightly "higher" scrutiny should apply. Id. at *7.

Consequently, the Court hereby GRANTS Plaintiffs motion for conditional class certification and authorizes the issuance of notice to putative class members in the form attached to Plaintiff's July 20, 2011 letter, subject to the following amendments: (1) the notice period shall be limited to 60 days, and (2) the notice must include a clear and concise statement informing putative class members that they may be required to participate in this litigation by responding to discovery requests, appearing at depositions, and possibly bearing litigation costs. The parties are directed to confer and agree upon a revised form of notice,

which shall be submitted to the Court for approval within fourteen days of the date of this Order.

Further, AB is directed to provide Plaintiffs with names, last-known contact information, work locations and dates of employment of all potential opt-in plaintiffs. The parties are directed to confer and develop an agreement governing disclosure by AB of such employees' Social Security numbers if and when necessary and subject to confidentiality protections as appropriate.

**SO ORDERED.**

Dated:   New York, New York
         24 August 2011

_____
VICTOR MARRERO
U.S.D.J.