

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Samuel R. Miller
Paul W. Mollica

Deyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Seth M. Marnin
Ossai Miazad
Carmel Mushin
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Juno Turner

OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

July 20, 2011

**By Hand**
Honorable Victor Marrero
United States District Court, Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

Re:   *Silverstein, et al. v. AllianceBernstein, L.P.*, Case No. 09-CV-5904

Dear Judge Marrero:

Plaintiffs respectfully submit this letter in support of their motion to send similarly-situated individuals Court-approved notice of this litigation pursuant to 29 U.S.C. § 216(b).

I.   Background

Plaintiffs are salaried associate portfolio managers ("APMs"), an entry-level position at AllianceBernstein ("AB") with a standard job description that does not vary from office to office or department to department within the company.[1] AB is a global investment management firm providing investment services to clients. AB employs APMs in three portfolio management groups ("PMGs"): institutional equity, fixed income, and private client. The primary job of all APMs is entering trade orders, which are clerical, data entry functions that involve minimal, if any, discretion or independent judgment.[2] APMs in all three sub-groups perform the same job duties and operate under the same reporting structure and deadlines.[3]

APMs have no managerial job duties—they do not manage or supervise anyone, nor do

---

[1] Ex. 1, Megan McGinty Deposition ("McGinty Tr.") 96:14-97:21 (APM from another unit could transfer to other units with some on the job training); Ex. 2, Cathy Spencer Deposition ("Spencer Tr.") 31:9-33:4 (APMs are all classified as exempt); Ex. 3, Jennifer Stamatelos Deposition ("Stamatelos Tr.") 89:11-92:23; 100:16-101:12 (title and salary remained the same after transfer from private client to institutional group).

[2] Ex. 5, Jason Silverstein Deposition ("Silverstein Tr.") 180:23-182:17; Ex. 3, Stamatelos Tr. 78:20-79:19; 81:6-16 (APMs follow pre-established guidelines to balance accounts); 158:22-25 (APMs follow the computer program's trade recommendations).

[3] Ex. 4, Description of APM role in PMGs; Ex. 6, Thomas Apostolico Deposition 28:7-29:10; Ex. 5, Silverstein Tr. 133:9-13; Ex. 3, Stamatelos Tr. 194:21-195:9.

they have authority to make operational decisions but must stay within AB's set parameters.[4] APMs have little or no direct contact with clients and do not recommend investment options; AB's research department and the client's financial advisor perform those tasks.[5]

Plaintiffs brought this collective action under the FLSA and New York Labor Law on behalf of themselves and other current and former APMs. Plaintiffs allege that APMs ware misclassified as exempt from the overtime pay requirements of the FLSA and New York Labor Law and seek unpaid overtime back pay, liquidated damages, attorneys' fees and other relief.

## II. Judicial Authority to Send Court-Approved Notice to Workers

In an FLSA collective action, employees must receive timely notice in order for the "intended benefits of the collective action . . . to accrue." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007). The FLSA statute of limitations runs until an employee files a consent form because unlike a class action under Fed. R. Civ. P. 23, plaintiffs must affirmatively opt into a collective action under the FLSA. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Timely notice will curtail the continued erosion of the employees' rights, *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 162 n.12 (N.D.N.Y. 2008), and is particularly important to the FLSA's "broad remedial purpose." *Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975).

To send Court-approved notice, plaintiffs must establish that other employees are "similarly situated." *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). The threshold is low. Employees are "similarly situated" if they have been subjected to the same policies and practices. *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp .2d 101, 104 (S.D.N.Y. 2003). The Second Circuit "encourages the sending of notice to 'similarly situated' individuals," *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 WL 1084556, at *1 (S.D.N.Y. Apr. 24, 2006) because collective actions provide workers an opportunity to "lower individual costs to vindicate rights by pooling resources," and enable the "efficient resolution in one proceeding of common issues of law and fact." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

After substantial discovery, to determine whether employees are "similarly situated," courts in this district look to three factors: (1) whether disparate factual and employment settings of the individual plaintiffs exist; (2) whether any individualized defenses exist; and (3) fairness and procedural considerations. *Torres v. Gristede's Operating Corp.*, 04 CIV. 3316 (PAC), 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006). No courts in this circuit incorporate the more stringent Rule 23 requirements of commonality, typicality, numerosity, and adequacy of representation into the FLSA 216(b) inquiry. *See id*; *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n. 12 (11th Cir.1996) ( "it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23").

Here, all three factors support sending notice to all current and former APMs during the statutory limitations period. The evidence obtained in discovery conclusively establishes that all

---

[4] Ex. 5, Silverstein Tr. 99:24-102:4; Ex. 3, Stamatelos Tr. 82:16-83:25.
[5] Ex. 5, Silverstein Tr. 100:23-101:4 (APMs did not provide any analytical support, their own research, or opinions); 105:23-106:24; Ex. 3, Stamatelos Tr. 85:15-86:10.

APMs are similarly situated. AB's own documents demonstrate that APMs are factually similar, describing the same general duties in each group.[6] Each plaintiff describes his/her job duties almost identically.[7] Additionally, AB applies the same salaried compensation structure and exempt classification to all APMs nationwide.[8]

  No individualized defenses are available to AB with regard to the plaintiffs' claims. This lawsuit challenges a single AB policy – classifying all APMs as exempt from the FLSA's overtime requirements and failing to pay them any overtime compensation as required under 29 U.S.C. § 207(a)(1). Courts have found allegations of "blanket" classification policies like AB's, without more, easily meet the low threshold for FLSA 216(b) notice. *See, e.g., Indergit v. Rite Aid Corp.*, Nos. 08 Civ. 9361 & 11364, 2010 WL 2465488, at *4 (S.D.N.Y. Jun. 16, 2010) Lastly, policy and fairness considerations demand that notice be sent in a timely fashion in order to let the affected individuals decide whether to join and attempt to recover their unpaid overtime. Time is of the essence because the statute of limitations continues to run and employees' claims are diminished or extinguished with each passing day.

  AB may claim that its exemption defenses preclude a collective action because they require "fact-specific inquiries" of the tasks that every APM performed. "This argument ignores the purposes of the FLSA." *Indergit*, 2010 WL 2465488, at *9. "Just because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1263 (11th Cir. 2008). Courts in this circuit reject the argument that the fact-intensive nature of exemption defenses precludes notice. *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 329-30 (S.D.N.Y. 2010) (collecting cases). Moreover, given that APMs perform the same job duties and are subject to the same exempt classification, any argument AB makes that APMs working in fixed income are not similarly situated to plaintiffs, who worked in private client and institutional groups, is meritless. *Cano v. Four M Food Corp.*, No. 08 Civ. 3005 (JFB) (AKT), 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (conditionally certifying class of maintenance workers and holding: "[i]t is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties ... or worked at the same locations as the named plaintiffs").

  For the foregoing reasons, plaintiffs respectfully request that this Court conditionally certify this case as a collective action; order AB to produce a computer-readable data file containing all potential opt-in plaintiffs' names, last-known mailing addresses, last-known telephone numbers, Social Security numbers, work locations, and dates of employment; and authorize the issuance of plaintiffs' proposed notice[9] to all potential opt-in plaintiffs. We thank the Court for its attention.

Respectfully submitted,

Molly A. Brooks

cc:  Robert S. Whitman, Esq.

---

[6] Ex. 4, Description of APM role in PMGs.
[7] Ex. 5, Silverstein Tr. 99:24-102:4; Ex. 3, Stamatelos Tr. 76:20-77:23.
[8] Ex. 1, McGinty Tr. 118:9-25; 125:21-126:16; Ex. 2, Spencer Tr. 31:9-33:4 (all APMs automatically classified as exempt employees).
[9] The proposed notice is attached as Ex. 7.

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.

SO ORDERED.

8-17-11
DATE    VICTOR MARRERO, U.S.D.J.

3