# SEYFARTH
## ATTORNEYS SHAW LLP

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

July 20, 2011



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/11

**VIA HAND DELIVERY**

The Honorable Victor Marrero
United States District Court, S.D.N.Y.
500 Pearl Street, Suite 660
New York, New York 10007

    Re:    *Silverstein v. AllianceBernstein L.P.*, No. 09-CIV-5904 (VM) (DAF)

Dear Judge Marrero:

    Pursuant to the Court's June 24, 2011 order, we write on behalf of Defendant AllianceBernstein L.P. ("AB") to oppose Plaintiffs' request for conditional certification pursuant to 29 U.S.C. § 216(b) with respect to a putative collective of Associate Portfolio Managers ("APMs") and to oppose Plaintiffs' request for issuance of notice. In the alternative, AB respectfully requests that any order granting conditional certification and/or notice be limited to the AB business unit in which the named Plaintiffs and the single opt-in Plaintiff worked.

    AB is a global asset management firm. Through its Global Portfolio Management Group ("Global PMG"), it manages the investment accounts of AB's clients. Plaintiffs allege that AB misclassifies APMs as exempt from overtime under the FLSA and the New York Labor Law. Their FLSA claim is on behalf of "all persons who worked for Defendant as APMs, or in comparable positions with different titles" during the relevant period. (First Amended Class Action and Collective Action Complaint ¶ 5.)[1]

    Collective action certification under FLSA § 216(b) requires plaintiffs to demonstrate that they are "similarly situated" to other potential plaintiffs in that they "together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Where significant discovery has been conducted, however, the standard for granting conditional FLSA certification is much higher than at the start of the litigation and is similar to the standard used at the ultimate "decertification" stage. *See, e.g., Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) ("Post-discovery . . . the Court applies heightened scrutiny to this inquiry as compared to pre-discovery."); *Pacheco v.*

---

[1] Although the FAC refers to APMs and employees "in comparable positions," Plaintiffs – after more than two years of litigation – have yet to identify what, if any, "comparable positions" are at issue. To the extent that Plaintiffs seek conditional certification or issuance of notice as to any positions other than APMs, AB respectfully requests the opportunity to brief the issue separately.

13510905v.6

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



The Honorable Victor Marrero
July 20, 2011
Page 2

*Boar's Head Provisions Co.*, 671 F. Supp. 2d 957, 960 (W.D. Mich. 2009) (declining to apply lenient standard on conditional certification motion because of opportunity to take discovery).

Here, the parties have been actively litigating for more than two years. AB has produced almost 90,000 pages of documents and taken the depositions of the named Plaintiffs and the one remaining opt-in Plaintiff. For their part, Plaintiffs have produced approximately 1,100 pages and have deposed the managers of the three primary PMG business units (Private Client, Institutional Equity, and Fixed Income), the direct supervisors of Named Plaintiffs Jason Silverstein and Jennifer Stamatelos, and a senior AB Human Resources executive.

Even given the significant discovery that has occurred, Plaintiffs have no evidence to demonstrate that all or even a substantial percentage of APMs within Global PMG are similarly situated. Despite receiving contact information in October 2010 for 173 individuals pursuant to this Court's order, their only testimony is from three APMs – the two Named Plaintiffs and the lone opt-in – all of whom worked in Private Client in White Plains, except for one who worked for a brief period in a different unit. On this flimsy foundation, Plaintiffs attempt to represent a collective of all APMs in each PMG business unit. The anecdotal evidence of three APMs simply cannot meet Plaintiffs' burden to show a common question across a broad spectrum of APMs in different units, in different locations, under different managers, performing different duties. *See generally Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).[2]

Here, Plaintiffs' contention that all APMs company-wide perform the same duties is pure speculation. This is insufficient: an individualized and fact-intensive inquiry into the job duties of each individual plaintiff is necessary to determine whether each individual is exempt. *See Levinson v. Primedia Inc.*, 2003 WL 22533428, at *1-2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where factual assertions of similarity were "insufficiently specific" and failed to support a legal conclusion beyond the existing plaintiffs' "own [respective] circumstances").

Indeed, the record developed in discovery establishes that the duties of APMs vary depending on numerous factors. The manager of the Private Client unit of PMG testified to the significant differences among APMs in his department alone. Deposition of Thomas Apostolico at 30:19-31:21 (Exhibit A). In addition, some APMs serve as "leads" and guide the activities of less-experienced APMs, while others have "sign-off authority," meaning that they are "making the final decision and approving the trades." *Id.* at 55:15-56:3, 125:14-17, 126:5-10. Documents authored by Plaintiff Silverstein himself highlight the supervisory responsibilities that some APMs hold. (*See* Exhibits B & C.) Distinct defenses therefore would apply to each of these disparately situated

---

[2] In *Dukes*, the Supreme Court rejected the plaintiffs' attempt to extrapolate a common issue from the anecdotal evidence of a small number of plaintiffs, finding that such evidence fell "well short" of the showing required for commonality under Fed.R.Civ.P. 23(a). 131 S. Ct. at 2555. While *Dukes* was not an FLSA collective action, the Rule 23(a) commonality requirement is closely analogous to the "similarly situated" element of the collective action standard. *See Diaz* v. *Electronics Boutique of Am., Inc.*, 2005 WL 2654270, at *6 (W.D.N.Y. Oct. 17, 2005) ("[f]or the same reasons that plaintiffs cannot meet the similarly situated requirement of class certification under the FLSA" – *i.e.*, an individual fact determination is necessary to distinguish exempt from non-exempt employees – plaintiffs "fail to meet the commonality requirement of [Rule] 23(a)"); *Burns v. Vill. of Wauconda*, 1999 WL 529574, at *2 (N.D. Ill. July 15, 1999) ("similarly situated" requirement is "entirely consistent with" commonality prong of Rule 23(a)).



The Honorable Victor Marrero
July 20, 2011
Page 3

individuals (*e.g.*, "lead" APMs may be subject to the "executive" exemption as well as the "administrative" exemption), further undermining the prospects for a manageable collective action.

Further, Plaintiffs cannot identify an unlawful policy or plan. The fact that all APMs are classified as exempt is insufficient by itself as a matter of law. *See Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010) ("[T]he fact of common exemption does not establish whether all plaintiffs were *actually* entitled to overtime pay or whether they were covered by the applicable administrative regulations defining FLSA's exemptions.").

Even if conditional certification were somehow appropriate here, it could not plausibly extend beyond Private Client PMG. With the exception of Plaintiff Stamatelos's brief stint in Institutional Equity PMG in Manhattan, all current Plaintiffs worked in Private Client PMG in White Plains, and all Plaintiffs testified that they have no personal knowledge of the specific duties of APMs outside their unit. Deposition of Jason Silverstein at 144:11-145:10, 145:20 – 146:12. (Exhibit D); Deposition of Marissa Minichetti at 196:13-16 (Exhibit E); Deposition of Jennifer Stamatelos at 100:16-101:6 (Exhibit F). Thus, aside from the surface similarity of titles, there is no factual basis on which to suppose that the duties of APMs in one unit are comparable to those of other units.

Even if the Court were to grant conditional certification, there is no need for court-authorized notice because the putative class members have already received notice via the contact information that AB has produced in discovery, and a second notice would provide Plaintiffs with an unfair second bite at the apple. Further, despite Plaintiffs' overtures to other APMs, they have failed not only to show that similarly situated individuals exist, but also that any such individuals are interested in participating in this lawsuit – a fact that further militates against conditional certification. *See Hamelin v. Faxton-St. Luke's Healthcare*, 2009 WL 211512, at *4, n.5 (N.D.N.Y. Jan 26, 2009).

Finally, if the Court grants Plaintiffs' request to send notice, AB objects to their proposed notice. First, as noted above, the notice should be limited to APMs in Private Client. Second, the notice period should be 30 days, rather than 90, since counsel already have had ample time to contact (and have in fact contacted) putative opt-ins. Third, the notice should include a statement advising the putative opt-ins that they may be required to respond to discovery requests, appear at a deposition and perhaps bear litigation costs. This is especially significant given that one individual, Vincent Carey, filed an FLSA opt-in form on February 16, 2011 but, when faced with discovery requests and a deposition notice, decided to withdraw his consent and drop out of the lawsuit.

On behalf of AB, we thank the Court for its consideration, and are available to answer any questions the Court may have.

13510905v.6

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



The Honorable Victor Marrero
July 20, 2011
Page 4

Respectfully submitted,

SEYFARTH SHAW LLP

Lorie E. Almon
Robert S. Whitman

cc: Adam Klein, Esq. (by fax)
Gregory Fidlon, Esq. (by fax)

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Defendant*.

SO ORDERED.

8-17-11
DATE        VICTOR MARRERO, U.S.D.J.

---

13510905v.6

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK