Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Samuel R. Miller
Paul W. Mollica

Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Jennifer Liu
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Juno Turner



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/11

August 17, 2011

**By Hand**
The Honorable Victor Marrero
United States District Court
for the Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

Re:   *Silverstein v. Alliance Bernstein, L.P.*, No. 09 Civ. 5904 (VM)(DAF)

Dear Judge Marrero,

    We represent the Plaintiffs in the above-referenced putative class and collective action. We write in response to Defendants' August 10, 2011 letter citing a recent case from the Western District of Wisconsin, *Ruiz v. Serco, Inc.*, No. 10 Civ. 394 (W.D. Wis. Aug. 5, 2011), as supplemental authority opposing Plaintiffs' pending motion for Court-approved notice pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"). *Ruiz* is neither persuasive nor relevant.

    First, respectfully, the *Ruiz* opinion is legally unsound. In *Ruiz*, the court incorrectly relies on the Supreme Court's interpretation of Fed. R. Civ. P. 23's commonality requirement in *Wal-Mart Stores, Inc. v. Dukes* ("*Dukes*"), 131 S. Ct. 2541 (2011), to interpret the "similarly situated" standard under Section 216(b). *Dukes* was an employment discrimination class action challenging Wal-Mart's practice of giving local supervisors broad discretion over a wide range of employment decisions. In reversing class certification, the Supreme Court held that the plaintiffs failed to satisfy Rule 23(a)(2)'s commonality requirement because "[o]ther than the bare existence of delegated discretion, [the plaintiffs] . . . identified no 'specific employment practices' – much less one that tie[d] all their 1.5 million claims together." *Dukes*, 131 S. Ct. at 2555-56.

    The *Dukes* holding has nothing to do with Section 216(b)'s much less stringent standard. The *Ruiz* court acknowledged this, noting that "collective actions under the FLSA are not subject to the provisions . . . [of] Fed. R. Civ. P. 23[.]" *Ruiz*, at 14.[1] The district court in *Creely v. HCR ManorCare, Inc.*, No. 09 Civ. 2879 (N.D. Ohio July 1, 2011), agreed, holding *Dukes* to be

---

[1]   Plaintiffs refer to the *Ruiz* decision attached as Exhibit A to Defendants' August 10, 2011 letter.



3 Park Avenue, 29th Floor New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
191 Post Road West, Westport, CT 06880   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

inapplicable because "the FLSA claims . . . do not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of this case is whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights." *Id.* slip. op. at 2.[2]

Moreover, here, unlike the plaintiffs in *Dukes*, Plaintiffs challenge a specific, company-wide classification policy that applied to all collective members in the same way. This is similar to the type of policy that the court in *Creeley* found to be "fundamentally different" from the policy that the *Dukes* plaintiffs challenged. *Id.*

Second, the facts in *Ruiz* are not remotely close to the facts here. In *Ruiz*, the plaintiffs sought to send nationwide notice to employees in 15 different job titles, with widely-varying job duties. *Ruiz*, at 11. In denying the motion, the court noted several examples of ways in which the named plaintiffs' primary duties differed from those of the employees they sought to include in the collective. *Id.* at 11-13. The court ruled that collective treatment would not facilitate its evaluation of the defendant's exemption defense because no set of common primary duties united all collective members. *Id.* at 15. The *Ruiz* court's decision to deny the plaintiffs' motion was correct – but not because of *Dukes*.

Here, on the other hand, Plaintiffs seek to certify a much more homogeneous collective consisting of individuals in a single job title who performed one primary job duty – entering trade orders. *See* Plaintiffs' Letter Motion in Support of Court-Approved Notice, dated July 20, 2011, at 1-2.

*Ruiz* is also distinguishable because the classification decisions plaintiffs challenged there were made by individual project managers on a case-by-case basis and "not pursuant to a single decision by defendant to classify all employees or certain job categories as exempt." *Ruiz*, at 15. Here, to the contrary, Defendant admits that it classified *all* APMs as exempt and does not claim to have conducted an individualized or localized analysis of APM job duties. *See* Defendant's Letter Motion in Opposition to Court-Approved Notice, dated July 20, 2011, at 3.

Finally, Defendant's primary affirmative defense unites all class members because it turns on a common legal issue. One of the elements that Defendants must prove to prevail on the administrative exemption defense – that the APM function is administrative work and not production work, *see Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 531-34 (2d Cir. 2009),[3]

---

[2] A copy of the *Creeley* decision is attached as Exhibit A. *See also Ramos v. SimplexGrinnell LP*, No. 07 Civ. 981, 2011 WL 2471584, at *5 (E.D.N.Y. June 21, 2011) (holding that *Dukes* was inapplicable to motion for class certification under New York Labor Law where prevailing wage claims did not involve policy of discretionary decision-making); *Barrett Jasper v. C.R. England, Inc.*, No. 2:08-05266 (C.D. Cal. June 30, 2011) (denying application to decertify drivers' wage and hour class action in light of *Dukes*) (attached as Exhibit B).

[3] *Davis* held that bank underwriters' work falls on the production side of the administrative/production dichotomy because it is not "directly related to management policies

is perfect for collective adjudication. In fact, it would also satisfy commonality under Rule 23 notwithstanding *Dukes*.

Respectfully submitted,

Justin M. Swartz

enclosures
cc: Robert S. Whitman, Esq. (By Hand)
Gregory Fidlon, Esq. (By Hand)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.
>
> SO ORDERED.
>
> 8-17-11
> DATE        VICTOR MARRERO, U.S.D.J.

---

or general business operations" of their employer or employer's customers, it "concerns the 'production' of loans – the fundamental service provided by the[ir] [employer]." *See Davis*, 587 F.3d at 531-34.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert N. Creely, et al.,             Case Nos. 3:09 CV 2879
                                                      3:10 CV 417
                     Plaintiffs,             3:10 CV 2200

-vs-                                       O R D E R

HCR ManorCare, Inc., et al.,           JUDGE JACK ZOUHARY

                     Defendants.

At the request of Defendants, this Court has considered the impact of *Wal-Mart Stores, Inc. v. Dukes et. al.*, ___ S.Ct. ___, 2011 WL 2437013 (U.S. 2011) on the FLSA collective action pending before this Court. This Court concludes the concerns expressed in *Dukes* simply do not exist here.

The Supreme Court's first holding -- that certification of the class was inconsistent with Federal Civil Rule 23(a) -- focused on the Rule 23(a)(2) "commonality" requirement. According to the Court, the plaintiffs' claim "must depend on a common contention . . . of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes* at 9. But the Sixth Circuit has drawn a distinction between Rule 23(a)(2)"s "commonality" requirement and the FLSA's "similarly situated" requirement, expressly declining to apply Rule 23's standard to FLSA claims. See *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 576, 584 ("While Congress could have imported the more stringent criteria for class certification under [Rule] 23, it has not done so in the

FLSA."). In *O'Brien*, for example, the court determined that the plaintiffs were similarly situated where "their claims were unified by common theories of defendants' statutory violations," even though "proof of a violation as to one particular plaintiff [did] not [necessarily] prove that the defendant violated any other plaintiff's rights." *Id.* at 585.

Moreover, the plaintiffs' claims in *Dukes* are fundamentally different from those in this case. In *Dukes*, resolution of the plaintiffs' gender-based Title VII claims depended on the reasons for each particular employment decision. *Dukes* at 7. That the plaintiffs wished to sue over "literally millions of employment decisions at once" concerned the Supreme Court because "without some glue holding the alleged *reasons* for all those decisions together, it [would] be impossible to say that examination of all the class members' claims for relief [would] produce a common answer to the crucial question *why was I disfavored*." *Id.* By contrast, the FLSA claims before this Court do not require an examination of the subjective intent behind millions of individual employment decisions; rather, the crux of this case is whether the company-wide policies, as implemented, violated Plaintiffs' statutory rights.

The second holding in *Dukes* -- that the class was improperly certified under Rule 23(b)(2) -- rested largely on due process concerns. Specifically, the Supreme Court concluded the plaintiffs' individual money-damages claims predominated, and held the absence of notice and opt-out procedures under Rule 23(b)(2) -- as compared to Rule 23(b)(3) -- violated plaintiffs' due process rights. *See Dukes* at 12–14. However, the same concerns do not arise in an FLSA claim. Indeed, the FLSA's "opt-in" procedure ensures that plaintiffs who wish to preserve their individual claims may readily do so.

In sum, *Dukes*' holdings do not have implications in this particular case, and thus no further briefing on the issue is needed.

IT IS SO ORDERED.

*s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 1, 2011

3

# EXHIBIT B

Case 2:08-cv-05266-GW -CW   Document 104   Filed 06/30/11   Page 1 of 1   Page ID #:3741

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-5266-GW(CWx) | Date | June 30, 2011 |
| Title | *Barrette Jasper v. C.R. England, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

   Brian F. Van Vleck                                   James H. Hanson
   Anthony John Zaller

**PROCEEDINGS:** **TELEPHONIC HEARING RE: DEFENDANT'S EX PARTE APPLICATION TO VACATE THE JUNE 20, 2011 CLASS CERTIFICATION ORDER AND TO ORDER RE-BRIEFING IN LIGHT OF DUKES V. WAL-MART STORES, INC. (filed 06/24/11)**

For reasons stated on the record, Defendant's ex parte application is **denied.**

: 07

Initials of Preparer   JG