IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON SILVERSTEIN and JENNIFER STAMATELOS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCEBERNSTEIN L.P.,<br><br>Defendant. | No. 09-CV-5904 (JPO)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/20/13 |

**''''''''''ORDER GRANTING PLAINTIFFS' MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA
SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES, AND SERVICE AWARDS**

Plaintiffs Jason Silverstein and Jennifer Stamatelos ("Plaintiffs") are former employees of AB who have worked as an Associate Portfolio Manager, Associate Portfolio Manager, Sr., AO/APM, AO/Associate Portfolio Manager, AO/Associate Portfolio Manager, Sr., AVP/Associate Portfolio Manager, AVP/Associate Portfolio Manager, Sr., and/or in similar positions (the "Covered Positions") in the Private Client division, Fixed Income division and/or Institutional Equity division of Defendant AllianceBernstein L.P.'s ("AB" or "Defendant")'s Global Portfolio Management Group ("Global PMG"). On June 26, 2009, Plaintiff Silverstein filed the instant lawsuit alleging that AB violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by improperly classifying him as exempt from federal and state overtime requirements and failing to pay him and other employees in Covered Positions overtime wages. ECF No. 1. Plaintiff sought to certify a collective action on his FLSA claim and class action on his NYLL claim pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

On July 7, 2010, Plaintiff Silverstein filed an amended class and collective action Complaint adding Jennifer Stamatelos as a named Plaintiff and asserting a claim for liquidated damages under the NYLL. ECF No. 23. Through their Amended Complaint, Plaintiffs sought unpaid overtime wages, attorneys' fees and costs, interest, liquidated damages, and injunctive relief. *Id.*

After Defendant answered the Complaint, the parties agreed to stay all proceedings other than limited discovery in preparation for mediation. The parties attended a mediation session on June 18, 2010, but failed to reach agreement to settle the case. On June 25, 2010, the Court lifted the partial stay of proceedings and discovery commenced in earnest.

On July 20, 2011, Plaintiffs moved for conditional certification and court-facilitated notice. The Court granted conditional certification on August 27, 2011. ECF. No. 41. Following distribution of the notice, eight (8) people opted in to the action. Thereafter, the parties completed fact discovery and cross-moved for summary judgment. It was during this time, and after undertaking extensive and vigorous negotiations, that the parties reached a settlement totaling $2,980,000. Declaration of Adam T. Klein in Supp. of Pls.' Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Klein Decl.") ¶¶ 13-17, 22. The parties reached this settlement after a formal mediation under the supervision of an experienced employment law mediator, Michael Young. *Id.* ¶¶ 15. At the mediation and over the following several days, the parties reached an agreement in principle. *Id.* ¶ 17. During the next four months, the parties negotiated the remaining terms of the settlement, which were memorialized in a formal settlement agreement ("Settlement Agreement"). *Id.*

On August 27, 2013, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally

certifying the settlement class, and appointing Outten & Golden LLP and Law Offices of Gregory R. Fidlon, P.C. as Class Counsel, and authorizing notice to all Class Members. ECF No. 92. On October 10, 2013, the Court entered a Stipulation and Order which, among other things, revised the Settlement Agreement in certain respects. ECF No. 94.

On October 15, 2013, a claims administrator sent Court-approved notices to all Class Members informing them of their rights under the settlement, Klein Decl. Ex. D (Declaration of Mark Patton ("Patton Decl.")) ¶ 4, including the right to opt out or object to the settlement, and of Class Counsel's intention to seek up to one-third of the settlement fund for attorneys' fees, and reimbursement of their out-of-pocket expenses. Klein Decl. Ex. C (Class Notice). After the initial Notices were mailed, two additional Class Members were identified and were sent a copy of the Notice. Patton Decl. ¶ 4. No Class Members objected to the settlement, and two filed timely opt-out requests. *Id.* ¶ 7-8.

On December 9, 2013, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). Defendants took no position with respect to any of these motions and did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on December 19, 2013. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the December 19, 2013 fairness hearing, and the complete record

in this matter, for the reasons set forth therein and stated on the record at the December 19, 2013 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**CERTIFICATION OF THE SETTLEMENT CLASS**

1. The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes (the "Rule 23 Class Members"):

> all individuals who were employed by Defendant in Covered Positions in New York from June 26, 2003 through August 27, 2013.

2. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

3. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 196 Settlement Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

4. The proposed class also satisfies Federal Rule of Civil Procedure 23(a)(2), the commonality requirement. Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants misclassified them as exempt employees, failed to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked. *See Yuzary v. HSBC Bank USA, N.A.*, 12 Civ. 3693, 2013 WL 5492998, at *3 (S.D.N.Y. Oct. 2, 2013) (commonality satisfied where plaintiffs and class members were misclassified as exempt, were not paid overtime and employer did not keep accurate records of time worked); *Beckman v. KeyBank, N.A.*, No. 12 Civ. 7836, 2013 WL 1803736, at *2 (S.D.N.Y. Apr. 29, 2013) (common issues that help to satisfy Rule 23 commonality requirement include whether "Defendant misclassified them as exempt employees, failed to pay them overtime wages

4

in violation of state wage and hour laws, and failed to keep accurate records of time worked");
*Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had a policy of not paying all class members overtime pay).

5. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3), typicality, because Plaintiffs' claims arose from the same factual and legal circumstances that form the bases of the class members' claims. *See Yuzary*, 2013 WL 5492998 at *3 (citing *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2013 WL 1209563, at *3 (S.D.N.Y. Nov. 15, 2012)) (typicality satisfied where "[p]laintiffs' claims [for overtime pay] arose from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same).

6. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the Plaintiffs' and the class members' interests are at odds. *Yuzary*, 2013 WL 5492998 at *3 (citing *Beckman*, 2013 WL 1803736, at *3) (finding adequacy requirement met where there was no evidence that plaintiffs' and class members' interests were at odds); *Morris*, 859 F. Supp. 2d at 616 (same).

7. In addition, Plaintiffs' Counsel is experienced and adequate to serve as Class Counsel. *See, e.g.*, *Yuzary*, 2013 WL 5492998 at *3 (S.D.N.Y. Oct. 2, 2013) (finding plaintiffs' counsel, including Outten & Golden, LLP, experienced and adequate to serve as Class Counsel); *Beckman*, 2013 WL 1803736, at *3 (noting Outten & Golden LLP and co-counsel, "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law," and finding both firms adequate class counsel) (internal quotation and citation omitted).

8. Plaintiffs also satisfy Rule 23(b)(3). Plaintiffs' common factual allegations and a common legal theory – that Defendants violated federal and state wage and hour laws by misclassifying Plaintiffs as exempt administrative employees and failing to pay them for premium overtime hours – predominate over any factual or legal variations among class members. *See Yuzary*, 2013 WL 5492998, at *4 (citing *Hernandez*, 2013 WL 1209563, at *3) (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "[t]his issue predominates over any individual calculations of overtime wages").

9. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Yuzary*, 2013 WL 5492998 at *4; *Beckman*, 2013 WL 1803736, at *3; *Morris*, 859 F. Supp. 2d at 617. Concentrating the litigation in this Court is desirable because the allegedly wrongful conduct occurred within its jurisdiction.

## APPROVAL OF THE SETTLEMENT AGREEMENT

10. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and amended by the Stipulation and Order.

11. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine procedural fairness, courts examine the negotiating process leading to the settlement. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine substantive fairness, courts

determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

12. Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation and citation omitted); *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007); *Spann v. AOL Time Warner, Inc.*, No. 02 Civ. 8238, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005).

13. A "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation, Third*, § 30.42 (1995)); *see also Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *3 (E.D.N.Y. Aug. 6, 2012); *D'Amato*, 236 F.3d at 85. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4; *see also In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008); *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

***Procedural Fairness***

14. The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *McMahon v. Olivier Cheng Catering & Events, LLC,* No. 08 Civ. 8713, 2010 WL 2399328, at *4 (S.D.N.Y. Mar. 3, 2010). The settlement was reached after the parties had conducted a thorough investigation and evaluated the claims and defenses, after extensive litigation and formal discovery, and after arm's-length negotiations between the

parties. Klein Decl. ¶¶ 6-13; 18; Declaration of Gregory Fidlon in Supp. of Pls.' Mot. for Final Approval ("Fidlon Decl.") ¶¶ 4-12. These arm's-length negotiations involved counsel and a mediator well-versed in wage and hour law, raising a presumption that the settlement achieved meets the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Yuzary*, 2013 WL 5492998 at *5; *McMahon*, 2010 WL 2399328, at *4.

### *Substantive Fairness*

15. The settlement is substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

16. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463.

17. Litigation through trial would be complex, expensive and long. Therefore, the first *Grinnell* factor weighs in favor of final approval.

18. The class's reaction to the settlement was positive. The Notice included an explanation of the allocation formula and an estimate of each Class Member's award. The Notice also informed Class Members of their right to object to or exclude themselves from the Settlement and explained how to do so. No Class Member objected to the settlement, and only two of the 196 Class Members opted out. This favorable response demonstrates that the class

approves of the settlement and supports final approval. "The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness." *See Yuzary*, 2013 WL 5492998 at *6 (granting final approval where eight class members of approximately 2000 opted out and none objected); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *4 (E.D.N.Y. Feb. 18, 2011) (approving settlement where seven of 2,025 class member submitted timely objections and two requested exclusion); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *5 (E.D.N.Y. Jan. 20, 2010) (the fact that no class members objected and two opted out demonstrated favorable response weighing in favor of final approval); *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) ("[t]he fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness).

19. The parties have completed ample discovery to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (internal quotation marks omitted). Here, the parties have completed all discovery. Specifically, Plaintiffs' Counsel have reviewed thousands of pages of documents and have deposed several Rule 30(b)(6) deponents and two AB managers. In addition, the Plaintiffs have reviewed and analyzed data sufficient to calculate damages, including information about the number of employee workweeks in the class period and class member salary information. Plaintiffs have obtained sufficient discovery to weigh the strengths and weaknesses of their claims and to accurately estimate the damages at issue. The parties' participation in extensive mediations allowed them to further explore the claims and defenses. The third *Grinnell* factor weighs in favor of final approval.

20. The risk of establishing liability and damages further weighs in favor of final

approval.  "Litigation inherently involves risks."  *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997).  Indeed, the primary purpose of settlement is to avoid the uncertainty of a trial on the merits.  *See In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *6 (S.D.N.Y. June 25, 2007).  Here, Plaintiffs faced numerous risks as to both liability and damages, including overcoming Defendant's exemption defenses, proving willfulness in order to obtain a third year of liability and damages, and overcoming Defendant's likely fluctuating workweek argument, among others.  The proposed settlement eliminates this uncertainty.  This factor therefore weighs in favor of final approval.

21.     The risk of obtaining collective and class certification and maintaining both through trial is also present.  The Court has not certified the Rule 23 Class yet and such a determination would be reached only after extensive briefing.   If the Court were to grant class certification, Defendants might seek to file an appeal under Federal Rule of Civil Procedure 23(f), the resolution of which would require an additional round of briefing.  In addition, Defendant would likely challenge the Court's determination that Plaintiffs may proceed on their FLSA claims on behalf of a collective by seeking decertification at a later date, after the close of discovery.   Settlement eliminates the risk, expense, and delay inherent in the litigation process.  The fifth *Grinnell* factor weighs in favor of final approval.

22.     Even if Defendant could have withstood a greater judgment, a "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000) (alterations and citation omitted)); *see also Yuzary*, 2013 WL 5492998 at *7.  Accordingly, this factor is neutral

and does not preclude the Court from approving the settlement.

23. The substantial amount of the settlement, in light of the best possible recovery and the attendant risks of litigation, weighs in favor of final approval. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). These factors also weigh in favor of final approval.

## APPROVAL OF THE FLSA SETTLEMENT

24. The Court hereby approves the FLSA settlement.

25. Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984); FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *McMahon*, 2010 WL 2399328, at *6. Accordingly, the standard for approval of an FLSA settlement is lower than for a class action under Rule 23.

26. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Yuzary*, 2013 WL 5492998 at *7; *McMahon*, 2010 WL 2399328, at *6. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should

be approved. *Id.* at 1354; *McMahon*, 2010 WL 2399328, at *6.

27. In this case, the settlement was the result of arm's-length negotiations. Klein Decl. ¶ 18; Fidlon Decl. ¶ 12. During the entire process, Plaintiffs and Defendants were represented by counsel experienced in wage and hour law. *Yuzary*, 2013 WL 5492998 at *8 (granting final approval where settlement was the result of arm's-length negotiation involving vigorous back and forth by counsel experienced in wage and hour law). Accordingly, the Settlement Agreement resolves a *bona fide* dispute under circumstances supporting a finding that is fair and reasonable.

## **DISSEMINATION OF NOTICE**

28. Pursuant to the Preliminary Approval Order, the Notice was sent by first-class mail to each respective Class Member at his or her last known address (with re-mailing of returned Notices for which new addresses could be located). The Court finds that the Notice fairly and adequately advised Class Members of the terms of the settlement, as well as the right to opt out of or to object to the settlement, and to appear at the fairness hearing conducted on December 19, 2013. Class Members were provided with the best notice practicable under the circumstances.

29. The Court further finds that the Notice and its distribution comported with all constitutional requirements, including those of due process.

30. The Court confirms Settlement Services, Inc. as the claims administrator.

## **AWARD OF FEES AND COSTS TO CLASS COUNSEL AND AWARD OF SERVICE AWARDS TO PLAINTIFFS**

31. On August 27, 2013, the Court appointed Outten & Golden LLP and Law Offices of Gregory R. Fidlon, P.C. as Class Counsel because they met all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165

(S.D.N.Y. 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class.") (internal quotation marks omitted).

32. Class Counsel are experienced employment lawyers with good reputations among the employment law bar. *See Yuzary*, 2013 WL 5492998 at *3 (S.D.N.Y. Oct. 2, 2013) (finding plaintiffs' counsel, including Outten & Golden, LLP, experienced and adequate to serve as Class Counsel); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *12 (S.D.N.Y. Apr. 16, 2012) (noting Outten & Golden LLP's reputation as a "respected labor and employment firm" and that attorneys had "prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing Outten & Golden LLP and co-counsel as Class Counsel based on their experience in "numerous wage and hour class and collective actions").

33. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests. Class Counsel have committed substantial resources to prosecuting this case.

34. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $993,234, which is 33 1/3% of the settlement fund.

35. The trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases like this one. *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121

(2d Cir. 2005); *Sewell*, 2012 WL 1320124, at *10; *Beckman*, 2013 WL 1803736, at *8.

36. Although the Court has discretion to award attorneys' fees based on the lodestar method or the percentage-of-recovery method, *McDaniel*, 595 F.3d at 417, in wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award, *Beckman*, 2013 WL 1803736, at *8; *McMahon*, 2010 WL 2399328, at *7. Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *McMahon*, 2010 WL 2399328, at *7; *Sand*, 2010 WL 69359, at *3.

37. Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill the private attorney general role must be adequately compensated for their efforts. *McMahon*, 2010 WL 2399328, at *7; *Sand*, 2010 WL 69359, at *3. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Willix*, 2011 WL 754862, at *6; *Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

38. Class Counsel's request for 33 1/3% of the settlement fund is reasonable and "consistent with the norms of class litigation in this circuit." *McMahon*, 2010 WL 2399328, at *7; *Tiro v. Public House Investments, LLC*, No. 11 Civ. 7679, 2013 WL 4830949, at *12, 16 (S.D.N.Y. Sept. 10, 2013) (awarding 33 1/3% of $1,300,000 fund in FLSA and NYLL case); *Beckham v. KeyBank N.A.*, No. 12 Civ. 7836, 2013 WL 1803736, at *8, 15 (S.D.N.Y. April, 29,

2013) (awarding 33 1/3% of $4,900,000 fund in FLSA and multi-state wage and hour case); *Aponte v. Comprehensive Health M'ment, Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *6-7 (S.D.N.Y. April 2, 2013) (awarding 33 1/3% of $6,500,000 fund in FLSA and NYLL case); *Guaman v. Ajna-Bar NYC*, No. 12 Civ. 2987, 2013 WL 445896, at *7,9 (S.D.N.Y. Feb. 5, 2013) (awarding 33 1/3% of the fund in FLSA and NYLL case); *Capsolas v. Pasta Resources, Inc.*, 10-cv-5595, 2012 WL 4760910, at *8, 10 (S.D.N.Y. Oct. 5, 2012) (awarding 33 1/3% of $5,250,000 fund in FLSA and NYLL case); *Diaz v. Eastern Locating Serv. Inc.*, No. 10-cv-04082, 2010 WL 5507912, at *7 (S.D.N.Y. Nov. 29, 2010) (awarding 33 1/3% of fund in FLSA and NYLL case).

39. In addition, in Plaintiffs' retainer agreements with Class Counsel, Plaintiffs agreed that Class Counsel could apply to the Court for up to 33 1/3% of a class-wide recovery and that they would pay Class Counsel 33 1/3% of any individual recovery. Declaration of Adam T. Klein in Supp. of Pls.' Mot. for Approval of Attys' Fees and Reimbursement of Expenses and Pls.' Mot. for Approval of Service Awards ("Klein Fees & Service Awards Decl.") ¶ 11. This also provides support for Class Counsel's request for 33 1/3% of the fund.

40. No Class Member objected to Class Counsel's request for 33 1/3% of the fund, which also provides support for Class Counsel's fee request.

41. A percentage-of-recovery fee award of one-third is consistent with the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 522 F.3d 182, 191 (2d Cir. 2008). An award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases. While *Arbor Hill* is not controlling here because it does not address a common fund fee petition, it supports a one-third recovery in a case like this one where Class Counsel's fee

entitlement is entirely contingent upon success. *McMahon*, 2010 WL 2399328, at *8; *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010).

42. All of the factors in *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 48-49 (2d Cir. 2000) weigh in favor of the requested fee award.

43. Applying the lodestar method as a "cross check," *see id.* at 50, the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier—indeed, there is no multiplier. *See Diaz*, 2010 WL 5507912, *8 (awarding attorney's fees where there was no multiplier); *see also Masters v. Wilhelmina Model Agency, Inc.,* 473 F.3d 423, 431, (2d Cir.2007); *In re Flag Telecom Holdings, Ltd. Securities Litigation,* No. 02 Civ. 3400, 2010 WL 4537550, at *26 (S.D.N.Y. Nov. 10, 2010).

44. In wage and hour cases, Class Counsel are often called upon to perform work after the final approval hearing, including answering class member questions, answering questions from the claims administrator, and negotiating and sometimes litigating disagreements with defendants about administering the settlement and distributing the fund. *See* Klein Fees & Service Awards Decl. ¶ 12. "The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward, also supports their fee request." *See McMahon*, 2010 WL 2399328, at *8.

45. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $97,115.73. Courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here, Class Counsel's unreimbursed expenses, including court and process

server fees, postage and courier fees, transportation, working meals, photocopies, electronic research, data storage, fees for deposition reporters and transcripts, and Plaintiffs' share of the mediator's fees, are reasonable and were incidental and necessary to the representation of the class.

46. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

47. The Court finds reasonable service awards of $25,000 each to named Plaintiffs Jason Silverstein and Jennifer Stamatelos and service awards of $1,500 each to Opt-In Plaintiffs Joshua Bishop, Glenn Friedman, Justin Gottlieb, Joshua Joffe, Marissa Minichetti, Mirijania Ujkic, Andrew Winkler and Judy Yu. *See Aponte*, 2013 WL 1364147, at *7-8 (awarding service awards to multiple named and opt-in plaintiffs). These amounts shall be paid from the settlement fund.

48. Service awards are common in class action cases and serve to "compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." *Yuzary*, 2013 WL 5492998, at *12 (citing *McMahon*, 2011 4599822, at *9). Service awards fulfill the important purpose of compensating plaintiffs for the time they spend and the risks they take. *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012).

49. The "Effective Date" of the settlement shall be the date of this Order if no party appeals it. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

50. Within ten (10) business days of this Order, the claims administrator shall distribute the funds in the settlement account by making the following payments in the order below:

    A. Paying Class Counsel 33 1/3% of the fund ($993,234);

    B. Reimbursing Class Counsel for $97,115.73 in litigation costs and expenses;

    C. Paying service awards of $25,000 each to named Plaintiffs Jason Silverstein and Jennifer Stamatelos;

    D. Paying service awards of $1,500 each to Opt-In Plaintiffs Joshua Bishop, Glenn Friedman, Justin Gotlieb, Joshua Joffe, Marissa Minichetti, Mirijania Ujkic, Andrew Winkler and Judy Yu;

    E. Paying the remainder of the fund to class members in accordance with the allocation plan described in the Settlement Agreement.

51. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement, as amended, and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

52. Upon the Effective Date, this litigation shall be dismissed with prejudice, and all Settlement Class Members who have not excluded themselves from the settlement or who have opted in to the lawsuit shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

It is so ORDERED this 20th day of December, 2013.

_____
J. PAUL OETKEN
United States District Judge